### CITY OF McALLEN et al. v. EXCHANGE NAT. BANK OF TULSA, OKL.

No. 4110.

Court of Civil Appeals of Texas. El Paso.
July 10, 1941.

Rehearing Denied Oct. 9, 1941.

Cecil R. Fulton, City Atty., and E. A. Mc-Daniel, both of McAllen, for appellants.

R. M. Bounds, of McAllen, for appellee.

WALTHALL, Justice.

This is an appeal from the District Court of Hidalgo County.

Appellee here, Exchange National Bank of Tulsa, Oklahoma, sued the appellants, the City of McAllen and its officers, as defendants, to effect the payment of a judgment in its favor against the City of McAllen.

The trial was to the court without a jury. From a judgment in favor of the plaintiff, the defendants have perfected this appeal.

The plaintiff alleged, and the facts are, that it recovered a judgment on certain City warrants for the principal sum of $11,000, with 4% interest, in said District Court of Hidalgo County on the 29th day of April, 1938. It alleged no part of the judgment had been paid except the interest; that the same was a charge against the general fund of said City. The plaintiff charged the defendants had at various times since the rendition of said judgment diverted funds from the general fund for purposes other than the ordinary current running expenses of the City, and devoted the same to the payment of debts and obligations not properly chargeable against such fund; had built new and extended sewer lines, installed city lights, and otherwise charged the expenditure of funds for various purposes other than the ordinary current expenses of the City. It sought an injunction restraining the defendants from expending moneys out of the general fund for any purpose other than current running expenses until its debt is paid; from paying into the general fund of the City any delinquent taxes collected until its debt is paid; and for a writ of mandamus directing the payment of all delinquent taxes collected for prior or subsequent years to it until its judgment is satisfied.

Defendants answered with a general demurrer, a general denial, and a special denial of the various specific charges contained in plaintiff's petition.

The court rendered judgment that a writ of mandamus issue to the Mayor and Commissioners of the City of McAllen commanding that they pay over to the plaintiff all surplus moneys that may remain in the general fund of the City at the end of any fiscal year, and when collected the general fund portion of all delinquent taxes now delinquent or to become delinquent, and that the same remain in full force and effect until plaintiff's debt is fully paid.

The defendants agree the plaintiff is entitled to have the surplus revenues of the City over and above its ordinary current expenses applied to the payment of its judgment. It has thus been held in the case of the City of Corpus Christi v. Woessner, 58 Tex. 462, and further that a city may be properly enjoined from paying out any funds for purposes other than the ordinary current expenses of local government. The defendants, however, complain that the court is in error in

directing the payment of that portion of the delinquent taxes belonging to the general fund, delinquent and to become delinquent, to plaintiff. The facts show that all current obligations for prior years incident to the operation of the City's government have been paid. In this situation, had the money due for taxes now delinquent been paid, such sums would have constituted a surplus to which the plaintiff would have been entitled. We think the character of that fund remains the same and the trial court was not in error in directing the payment of any such funds to the plaintiff until the judgment is paid. Taxes to become delinquent in the future present a different question. We take it it cannot be determined in advance whether there will be or not a surplus after the payment of the ordinary current expenses for a given year, and conclude future delinquent taxes may not be directed paid over to the plaintiff.

The second complaint made by the defendants is that the evidence shows there are other creditors who have claims against the general fund of the city who might as well be paid out of delinquent taxes and general fund as the plaintiff, and are necessary parties without whose presence no judgment can be rendered. This question is raised for the first time on this appeal. It is true the evidence discloses a long list of outstanding bills for indebtedness incurred prior to January 1, 1940. Many of them are left to be applied on city taxes. In most instances there is no showing made as to the purpose for which the obligations were incurred. It is made clear that one or more constitute no charge against the general fund. It is not shown that they constitute a part of the current governmental expense. Neither does the record show any of these claimants will in anywise be prejudiced by the judgment rendered. The plaintiff did not seek to prevent the payment directly or indirectly of any claim against the city. It merely sought to restrain the transfer of funds and the payment of any obligations other than those incurred for current government expense, and to require the application of delinquent taxes as paid to its debt. It is not made to appear in any way that such action will affect the rights of any other creditor. This assignment is, therefore, overruled.

We think the judgment should be reformed to the extent that taxes to become delinquent in the future may not be ordered paid to plaintiff, but permitted to go into the general fund.

As reformed the judgment is affirmed.

## On Rehearing.

SUTTON, Justice.

We have carefully considered the motion for rehearing of the City in this case, but still are of the opinion that we have correctly disposed of this case. In deference to the complaint of the City, however, we will make this additional statement:

The facts show that all current obligations for prior years incident to the operation of the City government have been paid, except the account of the Central Power & Light Company, which was then being worked out in accordance with the plan of the Company and City, rendering that account, in our opinion, not current, but payment postponed.

Motion overruled.